THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-cv-455

| | | |
|---|---|---|
| MOONRACER, INC. D/B/A SYNAPTIS, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| JORDAN N. COLLARD, | ) ) | |
| Defendant. | ) ) | |

In accordance with 28 U.S.C. § 1446, defendant Jordan Collard ("Collard") hereby gives notice of the removal of the above-captioned matter from the Superior Court of Wake County, North Carolina (13-CVS-7199) to the United States District Court for the Eastern District of North Carolina. This removal is based on the following grounds:

1. Plaintiff commenced this action in the Superior Court of Wake County, North Carolina on May 23, 2013.

2. Defendant accepted service of process on May 31, 2013.

3. The Complaint alleges breach by Collard of an agreement titled "Special Terms and Conditions of Employment."

4. Plaintiff is a citizen of the State of North Carolina, where it is organized and has a principal place of business. (Compl. ¶ 1).

Defendant is an individual who is a citizen and resident of the state of Nevada. Defendant is a former employee of Plaintiff, whose employment was terminated by Plaintiff on or about April 15, 2013. (Declaration of Collard, ¶1.) Subsequent to Plaintiff's termination of Defendant's employment, Defendant obtained employment with IT Convergence, a California

entity, which employment was to be performed in Incline Village, Nevada. (Dec. of Collard, ¶2.) Defendant has relocated to Nevada in order to perform that employment position. (Dec. of Collard, ¶ 2.) On or about May 9, 2013, Defendant traveled to Incline Village, Nevada to begin employment with IT Convergence and to find and secure a residence in that location. (Dec. of Collard, ¶3.) On or about May 23, 2013, Defendant signed a lease for a residence located in Incline Village, Nevada, which lease is through April 30, 2014. (Dec. of Collard, ¶ 4.)

6. It is the present intention of Defendant to make Nevada his home and he has no present intention to return to his prior state of residence. (Declaration of Collard ¶4.)

7. Defendant has secured a Nevada driver's license. (Declaration of Collard, ¶ 5.)

8. There is no withholding of state income taxes on the payment of Defendant's wages from IT Convergence as a consequence of Defendant's residence in Nevada, which does not have a state income tax. (Declaration of Collard, ¶ 6.)

9. The value of a request for injunctive relief, for purposes of ascertaining the amount in controversy to determine federal diversity jurisdiction, is determined by reference to the larger of two figures: the injunction's worth to the Plaintiff or its cost to the Defendant. *JTH Tax, Inc. v. Frashier,* 624 F. 3d 635, 639 (4th Cir. 2010); *see also Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (amount in controversy requirement met where plaintiffs sought a declaration that an employment contract promising compensation of more than $75,000 was null and void.)

10. The Complaint alleges that Defendant's employment by IT Convergence is in violation of the Special Terms and Conditions of Employment and asks the Court to enjoin such employment for a period of one year. (Compl. ¶¶ 14, 18, 19, 26, 42, and 43.)

11. Defendant's annual base salary at IT Convergence exceeds $75,000.00 and is disclosed with specificity in the Declaration of Collard which is filed herewith under seal, and Defendant has the opportunity to earn bonuses and commissions in excess of his base salary. (Declaration of Collard, ¶7.) Complaint seeks to enjoin Defendant from performing an employment contract which would earn a base salary in excess of $75,000.00.

12. Defendant's position as an employee of Plaintiff was as an outside salesperson. (Declaration of Collard, ¶9.) To the best of Defendant's recollection, total revenue at Plaintiff on sales for which he was responsible during the last calendar year in which he was employed significantly exceeded $75,000.00, which amount is specifically disclosed in the Declaration of Collard, filed under seal.

13. Because this lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction over this action. 28 U.S.C.§ 1332(a).

14. This civil action may be properly removed from state court to this Court. 28 U.S.C. §§ 1441(a)-(b).

15. This Notice of Removal complies with all procedural requirements. 28 U.S.C. § 1446.

　　a. This Notice of Removal is filed within thirty days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based, and the time for filing this Notice of Removal has not expired.

　　b. Copies of all process, pleadings, and orders served upon Defendant in this action are attached hereto as Exhibit A.

c. Promptly after this Notice of Removal is filed, defendant will give written notice of the removal of this action to all adverse parties and will file a copy of the Notice of Removal with the Clerk of Court for the Wake County Superior Court.

This is the 24th day of June, 2013.

                                  SMITH, ANDERSON, BLOUNT, DORSETT,
                                     MITCHELL & JERNIGAN, L.L.P.

By: /s/ Susan H. Hargrove
     Susan H. Hargrove
     shargrove@smithlaw.com
     N.C. State Bar No. 18771
     Francisco J. Benzoni
     fbenzoni@smithlaw.com
     N.C. State Bar No. 38660
     P.O. Box 2611
     Raleigh, NC 27602
     Phone No.: (919) 821-1220
     Facsimile No.: (919) 821-6800
     *Attorneys for Defendant Jordan N. Collard*

# 3333066_1.Docx

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing document in the above-entitled action upon all other parties to this cause via U.S Mail, postage pre-paid, addressed as follows:

>Paul T. Flick
>Lori P. Jones
>Jordan Price Wall Gray Jones & Carlton, PLLC
>Post Office Box 10669
>Raleigh, North Carolina 27605

This 24th day of June, 2013.

By:    /s/ Susan H. Hargrove
Francisco J. Benzoni
Susan H. Hargrove

# 3333066_1.Docx