IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-455-BO

| | |
|---|---|
| MOONRACER, INC. d/b/a SYNAPTIS, <br> Plaintiff, <br> <br> v. <br> <br> JORDAN N. COLLARD, <br> Defendant. | ) <br> ) <br> ) <br> )      O R D E R <br> ) <br> ) <br> ) |

This cause comes before the Court on plaintiff's motion to strike an affirmative defense, motion to dismiss defendant's unfair and deceptive trade practices counterclaim, and motion to remand, as well as defendant's motion for judgment on the pleadings. The appropriate responses and replies have been filed, and the matters are ripe for adjudication.

## BACKGROUND

Plaintiff (Synaptis) is a small information technology company located in Cary, North Carolina who employed defendant from September 2009 through April 15, 2013. Defendant began his employment with Synaptis as a business development manager and left as Vice President of Sales. Defendant's employment contract contained a non-competition provision. After leaving Synaptis, defendant took a job in Nevada with a company who Synaptis contends is a direct competitor. Synaptis further contends that defendant is engaged in duties that require him to use confidential knowledge and proprietary information he acquired while at Synaptis. Synaptis' business relates to providing consulting, support, and training for business related software manufactured by Oracle, called a User Productivity Kit.

Synaptis filed suit in Wake County Superior Court alleging defendant had breached his employment contract and requesting a temporary restraining order (TRO) and preliminary

injunction. Superior Court Judge Manning denied plaintiff's request for TRO and, prior to the hearing on plaintiff's motion for preliminary injunction, defendant removed the action based on this Court's diversity jurisdiction over the instant dispute. 28 U.S.C. §§ 1441; 1332.

After a hearing was held on August 27, 2013, the Court by order entered September 4, 2013, denied plaintiff's motion for preliminary injunction. The Court found that Synaptis had not shown a likelihood of success on its claim that defendant breached the non-competition agreement, finding that plaintiff had not demonstrated that the non-competition was reasonable and enforceable.

## DISCUSSION

I. SYNAPTIS' MOTION TO REMAND

The Court addresses first Synaptis' motion to remand as it calls into question this Court's subject matter jurisdiction.

An action initiated in a state court may be removed to federal court only if it could have been brought in federal court originally. 28 U.S.C. § 1441(a); *see also Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (citing Mulcahey v. *Columbia Organic Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)). Removal jurisdiction is strictly construed such that if federal jurisdiction is doubtful, remand is necessary. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. Removal from state court based on diversity jurisdiction requires that "diversity must have existed both at

2

the time the action was originally commenced in state court and at the time of the filing of the petition for removal." *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). Plaintiff now contends that diversity did not exist between the parties on May 23, 2013, the time the complaint was filed in Wake County Superior Court.

In support of removal, defendant filed a declaration stating that on or about May 9, 2013, defendant traveled to Nevada to begin new employment and to secure a residence in Nevada, that on or about May 23, 2013, defendant signed a lease for a residence in Nevada, and that it is his present intent to make Nevada his home and not to return to his prior state of residence. [DE 4]. Synaptis relies on evidence that defendant owned a home and had cars registered in North Carolina to assert that his domicile at the time this suit was commenced was still in North Carolina. Defendant contends that he had begun employment in Nevada had and obtained a Nevada drivers license to show that his domicile had changed from North Carolina to Nevada. *See e.g. Dyer v. Robinson*, 853 F.Supp. 169, 172 (D.Md. 1994) (factors to be considered when determining domicile are location of personal and real property, current residence, place of employment, drivers license, and payment of taxes).

There is no minimum period of residency necessary in order to change one's domicile, which for diversity purposes "requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance America*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Because the other factors are in relative equipoise, the Court looks to defendant's intent, as manifested in his declaration, and determines that at the time this suit commenced defendant was domiciled in Nevada. The Court has also considered that defendant was terminated from his position with Syaptis and had only just recently secured employment in Nevada when this action commenced.

3

That defendant had not relocated all of his personal property or had not yet performed other acts consistent with a change in domicile does not overcome defendant's presence in Nevada and his intent to remain in Nevada when this suit was filed.

Synaptis further contends that defendant has not established that the amount in controversy exceeds $75,000. The amount in controversy is typically determined on the basis of the plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289. Here, Synaptis has only pled that it seeks injunctive relief or alternatively that the amount in controversy exceeds $10,000.

In its complaint, Synaptis requests the enforcement of the non-competition clause of its employment contract with defendant. Synaptis contends that defendant is in violation of the agreement, and specifically requests that defendant cease his current employment with IT Convergence. The "test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (quotation and citation omitted). If Synaptis is successful, defendant will be enjoined from continuing his current employment. Defendant has declared that he earns more than $75,000 per year in his position with IT Convergence. [DE 4]. The amount in controversy threshold has therefore been satisfied.

II. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS & SYNAPTIS' MOTION TO DISMISS DEFENDANT'S SIXTH COUNTERCLAIM

Both defendant's motion for judgment on the pleadings and Synaptis' motion to dismiss are considered under the same standard – that is, whether a claim that is plausible on its face has been stated. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

4

(2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (Rule 12(b)(6) standard applicable to Rule 12(c) motion rasing defense of failure to state a claim). At this stage of the proceeding a court accepts all well-pled allegations as true and views them in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993).

Having considered the claims under the applicable standard and in the light most favorable to parties alleging them, the Court denies both the motion for judgment on the pleadings and the motion to dismiss. In so doing, the Court recognizes that although it has denied Synaptis' motion for preliminary injunction, the plausibility standard applicable to motions under Rule 12(b)(6) is far different from the probability or likelihood of success standard applicable to a motion for preliminary injunction. *Iqbal*, 556 U.S. at 678. Similarly, defendant has raised a plausible claim that Synaptis has engaged in unfair and deceptive trade practices, and thus all claims are permitted to proceed.

III. SYNAPTIS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike a from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers whether the defenses plead contain "more than labels and conclusions" or "a formulaic recitation

of the cause of action." *See Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for complaints as for affirmative defenses) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Syanptis has moved to strike defendant's first, fourth, fifth, sixth, seventh, eighth, and ninth affirmative defenses. Having determined that only defendant's fourth affirmative defense gives fair notice and is plausibly suggested by the facts, the Court grants in part and denies in part Synaptis' motion to strike. The following affirmative defenses by defendant contain no more than labels and conclusions or have no basis in law and are appropriately stricken: first, fifth, sixth, seventh, eighth, and ninth affirmative defenses.[1] However, because motions to strike are so disfavored, leave shall be given upon an appropriate motion for leave to file and amended answer.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to dismiss [DE 27] and motion to remand [DE 37] are DENIED. Defendant's motion for judgment on the pleadings [DE 31] is DENIED. Plaintiff's motion to strike [DE 15] is GRANTED IN PART AND DENIED IN PART. Defendant shall be permitted to amend its answer so that he may reassert any affirmative defenses if leave is sought within fourteen days of the date of entry of this order.

SO ORDERED, this __ day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that defendant has raised contributory and comparative negligence defenses, although no negligence cause of action has been pled.

6