IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-455-BO

| | | |
|---|---|---|
| MOONRACER, INC. d/b/a SYNAPTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JORDAN N. COLLARD, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | **O R D E R** |
| | ) | |
| IT CONVERGENCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOONRACER, INC. d/b/a SYNAPTIS, | ) | |

     This matter is before the Court on plaintiff, IT Convergence, Inc.'s ("ITC") motion for protective order [DE 68], and defendant Moonracer, Inc.'s ("Moonracer") motion to compel and for sanctions and fees [DE 71]. For the following reasons, ITC's motion is GRANTED and Moonracer's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

     This action arises from an employment contract dispute between Moonracer and Mr. Collard where Moonracer brought claims against Collard for breach of contract and for injunctive relief. [DE 1-1 at 9–10]. On September 4, 2013, this Court denied plaintiff's motion for a preliminary injunction. [DE 36]. On February 20, 2014, the Court ordered that the case

between Moonracer and Collard be consolidated with the case between ITC and Moonracer. [DE 52].

The instant motions are before the Court because the parties' counsel cannot agree on a time and location to depose two individuals, Brian Koh and Patrick Krause. In short, ITC seeks a protective order preventing the depositions of Mrs. Krause and Koh from occurring in San Francisco, California. Moonracer now seeks an order compelling the deposition of Mr. Krause[1] and seeking fees and sanctions from ITC for being required to file a motion to compel.

## DISCUSSION

"District Courts enjoy nearly unfettered discretion to control the timing and scope of discovery. . . ." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996).

Although it appears that the issue regarding the protective order has been resolved by the parties, because the motion has not been withdrawn, the Court will now rule.[2] Reviewing ITC's motion for a protective order the Court finds that it is in the interests of justice and fairness to require that, if it wishes to depose Mrs. Krause and Koh, Moonracer travel to the deposition subjects and hold their respective depositions in the city of their residence. The depositions may not occur in San Francisco or any other inconvenient city of Moonracer's choosing. Absent explicit consent to being deposed elsewhere, the depositions of Mrs. Krause and Koh must occur in the cities of their residence. Accordingly, the Court grants ITC's motion for protective order.

The discovery deadline in this matter expired on September 1, 2014. [DE 65]. Although the time for discovery provided has been sufficient, and the problem in scheduling Mr. Krause is one created purely by the parties' attorneys being unable to cooperate in a timely, efficient, and

[1] Although the parties do not state so explicitly, it appears as though they were able to come to an agreement and depose Mr. Koh. [DE 73 at 20].
[2] "Will you please withdraw the Motion for Protective Order referenced below in light of our agreement to depose Krause and Koh in their hometowns?" "We will be filing a notice of withdrawal regarding our motion for a protective order." [DE 73 at 11].

2

professional manner, the Court grants the motion to compel the deposition of Mr. Krause. The parties shall have until September 30, 2014 to conduct the deposition of Mr. Krause. No further delays in holding this deposition shall be tolerated or allowed. At this time, the Court does not find any support for imposing sanctions or fees. However, should the parties continue to demonstrate their inability to work together both parties may be subject to future sanctions by the Court. The parties are encouraged to resolve future conflicts between themselves without the involvement of this Court.

## CONCLUSION

For the foregoing reasons, ITC's motion for protective order is GRANTED. The depositions of Mrs. Krause and Koh may not occur in San Francisco or any other inconvenient city of Moonracer's choosing. Moonracer's motion to compel and for sanctions and fees is GRANTED IN PART and DENIED IN PART. The deposition of Mr. Krause shall take place before September 30, 2014. All other deadlines remain in effect. No sanctions or fees are awarded at this time.

SO ORDERED.

This the 5 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3